UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANCE ADAM GOLDMAN, No. 542675,

              Plaintiff,          Case. No. 2:19-cv-10390
                                            Hon. Gershwin A. Drain

v.

HATATU ELUM, et. al.,

              Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION
FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING
FEE, DISMISSING THE CIVIL RIGHTS COMPLAINT, AND
DENYING MOTIONS (ECF NOS. 3,7, AND 8) AS MOOT**

This matter is before the Court on Plaintiff Lance Adam Goldman's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Mr. Goldman is a state prisoner currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan. Upon review of Plaintiff's case and his litigation history in the federal courts, this Court concludes that his civil rights complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

### I.    Legal Standard

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding

in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 . . ." 28 U.S.C. § 1914(a); *see also Owens v. Keeling*, 461 F.3d 763, 773 (6th Cir. 2006). The Prison Litigation Reform Act of 1996 ("PLRA"), Pub. L. No. 104 134, 110 Stat. 1321(1996), requires a prisoner who "brings a civil action or files an appeal in forma pauperis . . . to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1); *see also In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997). Section 1915 provides prisoners the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Miller v. Campbell*, 108 F.Supp.2d 960, 962 (W.D. Tenn. 2000); *see also* 28 U.S.C. § 1915(b).

The Act prevents prisoners from proceeding in forma pauperis in a civil action under certain circumstances. District courts must dismiss a case where the prisoner seeks to proceed in forma pauperis and on three or more previous occasions a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g).

This "three strikes" provision, "prohibits prisoners who have brought multiple frivolous appeals from receiving pauper status." *Coleman v. Tollefson*, 733 F.3d 175, 176 (6th Cir. 2013), *as amended on denial of reh'g and reh'g en banc* (Jan. 17, 2014), *aff'd*, 135 S. Ct. 1759 (2015). This ban

extends to both "appeals and actions." *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 495 (6th Cir. 2012). A prisoner who is thus prohibited from proceeding as a pauper must pay the filing fee in full "before his action may proceed." *Butler v. United States*, 53 F. App'x 748, 749 (6th Cir. 2002). A prisoner who would otherwise qualify for a "three-strikes" dismissal may still proceed on a new complaint, if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## II. "Three-strikes" Analysis

A recent case records search indicates that Mr. Goldman is a frequent litigator in the federal courts.[1] At least six civil rights complaints filed by Mr. Goldman have been dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Goldman v. Bridenstein*, No. 2:18-CV-143, 2018 WL 5773187, at *1 (W.D. Mich. Nov. 2, 2018) (dismissed as frivolous); *Goldman v. Michigan*, No. 2:18-CV-11666, 2018 WL 3436777, at *1 (E.D. Mich. July 17, 2018) (dismissed for failure to state a claim upon which relief may be granted), *reconsideration denied*, 2019 WL 462508 (E.D. Mich. Feb. 6, 2019); *Goldman v. Michigan*, No. 1:17-CV-774, 2017 WL 4173509,

---

[1] *See Goldman v. Simmons*, No. 5:12-CT-3118-F, 2012 WL 8466137, at *1 n. 1; 2012 U.S. Dist. LEXIS 173474 (E.D.N.C. Oct. 10, 2012) (listing fourteen "civil rights complaints and habeas corpus petitions" filed in that district over a two-year period), *dismissed*, 511 F. App'x 241 (4th Cir. 2013).

3

at *4 (W.D. Mich. Sept. 21, 2017) (failure to state a claim), *reconsideration denied*, 2017 WL 6805682 (W.D. Mich. Nov. 7, 2017); *Goldman v. Consumers Credit Union*, No. 1:16-CV-1372, 2017 WL 1404862, at *1 (W.D. Mich. Apr. 20, 2017) (failure to state a claim); *Goldman v. N.C. Prisoner Legal Svcs.*, No. 5:13-ct-03158-F (E.D.N.C. Oct. 9, 2014) (frivolous); *Goldman v. Johnson*, et al., No. 5:11–CT–3031–D (E.D.N.C. Sept. 16, 2011) (frivolous).

### III. Imminent Danger Analysis

Based on the record enumerated above, Mr. Goldman qualifies for "three-strike" dismissal. However, he alleges he is entitled to the "imminent danger" exception to section 1915(g). He cites the general allegations of his complaint and the following to describe the dangers he faces:

> [D]enial of medical care [has] caused me to become infected with Hepatitis, assaulted, and upon information, infected with HIV/AIDS, as well as . . . being transferred to URF where Defendant Mike Yon is Deputy Warden and co-conspirator with Defendants aforesaid to ensure my continued placement in cells/living space with known violent, hardened long-term, gang-affiliated criminals/prisoners with the intention of having me assaulted or killed[.]

(Pl. Compl. at 56, ECF No. 1, PageID 56.)

The Sixth Circuit's decision in *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580 (6th Cir. 2013), guides the evaluation of a claim of imminent danger. First, while a plaintiff need not "affirmatively prove those allegations

4

at this stage of the litigation," *id.* at 585 (quoting *Tucker v. Pentrich*, 483 Fed.App'x. 28, 30 (6th Cir.2012)), the statutory exception claim is still subject to "the ordinary principles of notice pleading." *Id.* (citing *Vandiver v. Vasbinder*, 416 F. App'x 561, 562 (6th Cir. 2011)); *see also* Fed.R.Civ.P. 8(a)(2) (requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief"). Pro se plaintiffs are entitled to have their pleadings liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers." *Vandiver v. PHS, Inc.*, 727 F.3d at 585 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Read against that standard, a plaintiff's complaint must "allege[] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [the plaintiff] was under an existing danger at the time he filed his complaint." *Id.* (quoting *Taylor*, 508 Fed. App'x at 492).

The threats or conditions must be alleged to be "real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Id.* (citing *Rittner v. Kinder*, 290 Fed. App'x 796, 797 (6th Cir. 2008)). Past dangers do not qualify. *Id.* (citations omitted). In addition, "the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists." *Id.* Courts will not find the exception met when the imminent danger claims are "conclusory or ridiculous, or are

5

clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Id.* (quoting *Rittner*, 290 Fed. App'x at 798).

Mr. Goldman's complaint fails to establish imminent danger. His description of the threats against him requires the Court to find reasonable the allegation of an MDOC conspiracy to place him in a housing setting with the intent to have him "assaulted or killed[,]" and that his transfer to Chippewa Correctional Facility ("URF") was motivated by that purpose. (Pl. Compl. at 56, ECF No. 1, PageID 56; *see also id.* at 52-53.) These assertions are delusional and wholly incredible.

Further, the assault Mr. Goldman cites as an example of the danger to which he is exposed occurred by his own admission at the Alger facility. (*Id.* at 51.) Mr. Goldman is now housed at Chippewa Correctional Facility, as he was when he filed this action. Any threat from his assailant at Alger is in the past and not "real or proximate."

Finally, while failure to treat a chronic, "potentially life-threatening illness[]" may meet the standard of "imminent danger[,]" *Vandiver*, 416 Fed. App'x at 562-63, Mr. Goldman has not alleged such circumstances. Even liberally construed, Mr. Goldman's complaint makes no allegations that he sought and was denied treatment for hepatitis or HIV. The very few health-care related allegations in his complaint involve medical evaluations or

treatment provided for injuries, not illness. (*See*, *e.g.*, Pl. Compl. at 33-34, ECF No.1, PageID 33-34 (wrist injuries); *id.* at 39-41 (emergency room report following alleged sexual assault).) In addition, the ER report, provided as an exhibit to Mr. Goldman's complaint, indicates his hepatitis and HIV tests were negative. (*Id.* at 67.) On this record, Mr. Goldman has failed adequately to allege he is at risk of imminent danger.

## IV. Conclusion

Accordingly, the Court **DENIES** Plaintiff's application for leave to proceed without prepayment of the filing fee and **DISMISSES** the complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to Plaintiff filing a new complaint with payment of the filing fee.

The Court **DENIES as MOOT** Plaintiff's Motions to expedite (ECF No. 3), to transfer appointed counsel (ECF No. 7), and Motion for order to compel (ECF No. 8).

**SO ORDERED**.

Dated: April 5, 2019

                                          s/Gershwin A. Drain
                                          HON. GERSHWIN A. DRAIN
                                          United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 5, 2019, by electronic and/or ordinary mail.

<u>s/Teresa McGovern</u>
Case Manager