# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LANCE ADAM GOLDMAN, No. 542675,

        Plaintiff,

                              Case. No. 2:19-cv-10390

v.                              Hon. Gershwin A. Drain

                              Hon. Stephanie Dawkins Davis

HATATU ELUM, et. al.,

        Defendants.

_____/

## OPINION AND ORDER OF PARTIAL DISMISSAL, GRANTING MOTION TO REOPEN CASE [ECF NO. 16], GRANTING IN PART AND DENYING IN PART MOTIONS TO SUPPLEMENT COMPLAINT [ECF NOS. 14, 15, 18], DENYING MOTION TO EXTEND TIME [ECF NO. 17] AS MOOT, AND DENYING EMERGENCY MOTION [ECF NO. 19]

Plaintiff Lance Adam Goldman is a state prisoner currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan. Mr. Goldman filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 which this Court dismissed without prejudice on April 5, 2019, applying the "three strikes" provision of 28 U.S.C. § 1915(g). (ECF No. 11.) Mr. Goldman now seeks to reopen the case (ECF No. 16) and to supplement his complaint (ECF Nos. 14, 15, 18, and 19). Upon review of Plaintiff's motions, supplemental complaints, and exhibits, the Court will reopen this case and deny in part and grant in part Mr. Goldman's motions to

supplement. The Court also orders Plaintiff to file an amended complaint as explained further below.

## I. SUMMARY OF CLAIMS

To the best of the Court's understanding, Plaintiff has asserted the following claims in his various pleadings:

### *Original Complaint (ECF No. 1)*

1. Sexual assault claims again Defendants Londo and Grace.

2. Retaliatory transfers by G. Robert Cotton Correctional Facility (JCF) defendants.

3. Conspiracy by MDOC Director Heidi Washington and other MDOC defendants to house Plaintiff with dangerous inmates, for the purposes of having him assaulted.

4. MDOC failure to provide mental or medical health treatment as necessary following the sexual assaults.

### *Supplemental Complaint and Motion for Leave to Supplement (ECF Nos. 14 and 15)*

5. Conspiracy by the MDOC and Defendant Michigan State Police Gauthier to cover up the sexual assaults. (Supp. Compl. at 9, ECF No. 14, PageID 242; M. for Lv. to Supp. at 2, ECF No. 15, PageID 296.)

6. Interference by Defendants Daniel Manville and Michigan State University with Plaintiff's ability to investigate his case. (Supp. Compl. at 13, PageID 246.)

7. Inadequate clean air and ventilation. (M. for Lv. to Supp. at 3-5, PageID 297-299.)

8. MDOC failure to treat Plaintiff's symptoms of HPV, establishing imminent danger. (*Id.* at 6, PageID 300.)

### *Plaintiff's "Emergency Motion" to supplement (ECF No. 19)*

9. Plaintiff's assault by a cellmate while in Cotton Correctional Facility (JCF). (Em'y M. at 3, ECF. No. 19, PageID 381.)

10. A JCF corrections officer encouraging assaults by fellow prisoners. (*Id.* at 5, PageID 383.)

Plaintiff's motions to reopen case (ECF No. 16) and to supplement complaint (ECF No. 18) contained no new claims or parties.

## II. LEGAL STANDARDS

### A. *In Forma Pauperis*

Under the Prison Litigation Reform Act of 1996 ("PLRA"), Pub. L. No. 104 134, 110 Stat. 1321(1996), a prisoner may not commence an action without prepayment of the filing fee in some form. *See* 28 U.S.C. § 1915(b)(1). Section 1915 provides indigent prisoners the opportunity to

make a "downpayment" of a partial filing fee and pay the remainder in installments. *Miller v. Campbell*, 108 F.Supp.2d 960, 962 (W.D. Tenn. 2000); *see also* 28 U.S.C. § 1915(b).

The PLRA also contains a "three-strikes" provision which "prohibits prisoners who have brought multiple frivolous appeals from receiving pauper status." *Coleman v. Tollefson*, 733 F.3d 175, 176 (6th Cir. 2013), *as amended on denial of reh'g and reh'g en banc* (Jan. 17, 2014), *aff'd*, 135 S. Ct. 1759 (2015). A court must dismiss a case where the prisoner seeks to proceed *in forma pauperis* if on three or more previous occasions a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g).

### B. "Three Strikes" Imminent Danger Exception

A plaintiff who is prohibited by the PLRA from proceeding as a pauper must pay the filing fee in full "before his action may proceed." *Butler v. United States*, 53 F. App'x 748, 749 (6th Cir. 2002). However, a prisoner who would otherwise qualify for a "three-strikes" dismissal may still proceed *in forma pauperis* on a new complaint, if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To establish "imminent danger" a plaintiff must allege threats or conditions that are "real and proximate[,] and the danger of serious physical injury must exist at the time the complaint is filed." *Vandiver v. PHS, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (citing *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008)). Past dangers do not qualify. *Id.* (citations omitted). In addition, "the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists." *Id.* Courts will not find the exception met when the imminent danger claims are "conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Id.* (quoting *Rittner*, 290 F. App'x at 798). Failure to treat a chronic, "potentially life-threatening illness[]" may meet the standard of "imminent danger." *Vandiver v. Vasbinder*, 416 F. App'x 561, 562-63 (6th Cir. 2011).

If a court finds the imminent danger exception met, a plaintiff may proceed with all claims in her complaint. *Vandiver*, 727 F.3d at 588. However, "[o]nce a complaint passes the 'imminent danger' pleading requirement, it must still pass the district court's 'screening' process under § 1915A(b)(1)[.]" *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003).

### C. PLRA and *In Forma Pauperis* Screening requirement

Under the PLRA, the Court is required to dismiss *sua sponte* any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The dismissal standard under the PLRA is equivalent to that of Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). When evaluating a complaint under that standard, courts "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

### D. *Pro Se* Complaints and Pleading Requirements

A *pro se* civil rights complaint is to be construed liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Consistent with *Twombly* and *Iqbal*, the Sixth Circuit has observed that "[d]espite the leniency afforded to . . . pro se

litigant[s], however, our standard of review requires more than the bare assertion of legal conclusions, and thus the complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). "[D]etailed allegations" are not necessary, but under Rule 8(a) the pleading must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The Court must accept a plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). However, this does not relieve a *pro se* plaintiff of the duty to satisfy basic pleading essentials. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Minimum pleading requirements are needed, even for pro se plaintiffs"). If a complaint proffers nothing more than "conclusory,

unsupported allegations" of wrongdoing by defendants, then dismissal is appropriate. *Pack v. Martin*, 174 F. App'x 256, 258 (6th Cir. 2006).

Put another way, a complaint must contain factual allegations, as opposed to legal conclusions or "a formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555; and must "plausibly suggest an entitlement to relief." *Iqbal*, 556 U.S. at 681. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 570).

To state a civil rights claim under 42 U.S.C. § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (citation omitted). A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The plaintiff must establish the liability of each individual defendant by that person's own conduct. *Iqbal*, 556 U.S. at 676.

## III. DISCUSSION

### A. Motion to reopen

Plaintiff's case was dismissed under the "three strikes" provision of 28 U.S.C. § 1915(g). (ECF No. 11.) As he has received more than three dismissals in prior federal lawsuits because they were frivolous or malicious or failed to state a claim for which relief may be granted, Plaintiff is ineligible for *in forma pauperis* status and is obligated to pay a filing fee before this suit may proceed. Because Plaintiff sought to file as a pauper, the Court dismissed the case without prejudice. 28 U.S.C. § 1915(g).

The Court did not find imminent danger in the allegations contained in Plaintiff's original filing. However, in his first motion to supplement (ECF No. 15, addressed below), and again in his motion to re-open the case (ECF No. 16), Plaintiff describes symptoms of a potentially serious health condition and claims that the MDOC is not diagnosing or treating him for it. Plaintiff's description of his bleeding rectum and bumps around it permits the Court to infer a possible life-threatening illness. Failure to diagnose and treat that illness meets the "imminent danger" exception. *See Vandiver*, 416 F. App'x at 562-63.

A motion for reconsideration or to reopen may be treated as a motion to alter or amend judgment under Rule 59(e). *See McDowell v. Dynamics*

*Corp. of Am.*, 931 F.2d 380, 382 (6th Cir.1991); *Shivers v. Grubbs*, 747 F. Supp. 434, 436 (S.D. Ohio 1990). Rule 59(e) permits district courts to alter, amend, or vacate a prior judgment. *See* Fed. R. Civ. Proc. 59(e); *Huff v. Metropo. Life Insur. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). The purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings[.]" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir.1988)). It permits district courts to amend judgments where there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court. *Huff*, 675 F.2d at 122; 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810–1, at 124 (2d ed.1995). Because Plaintiff's supplemental allegations could be taken as demonstrating the Court erred in applying the imminent danger standard of section 1915(g), the Court will re-open the case.

## B. Plaintiff's complaint must be amended

While Plaintiff has sufficiently alleged facts that support a finding of a potentially serious untreated illness and thus imminent danger, he has otherwise failed to plead this claim adequately. That is, in the original complaint, he names the following correctional facilities as not providing adequate medical or mental health treatment "as a result of the rapes": OCF, AMF, LMF, URF. (Complaint at 53, ECF No. 1, PageID 53.)  In his supplemental complaint, Plaintiff states that the "MDOC" fails to treat or evaluate him for HPV. (M. for Lv. to Supp. at 6, ECF No. 15, PageID 300.)

Despite a less stringent standard for *pro se* litigants, Plaintiff's imminent danger allegations are still subject to "the ordinary principles of notice pleading." *Vandiver v. PHS*, 727 F.3d at 585 (citing *Vandiver v. Vasbinder*, 416 F. App'x at 562); *see also* Fed. R. Civ. P. 8(a)(2) (requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief").

To establish entitlement to relief under 42 U.S.C. § 1983, a plaintiff must not only allege a constitutional violation, but must establish that it was "caused by a person acting under the color of state law." *Dominguez*, 555 F.3d at 549. The complaint must establish the liability of each defendant based on active unconstitutional behavior. *Iqbal*, 556 U.S. at 676; *Greene*,

310 F.3d at 899. Plaintiff has failed to allege, either in his Complaint or in any subsequent pleadings, who is liable for the failure to diagnose and treat his symptoms that have resulted from the sexual assaults.

Accordingly, Plaintiff must file an Amended Complaint, in compliance with Fed. R. Civ. Pro. 8(a)(2), setting forth not only the facts supporting deliberate indifference and a failure to treat his medical condition, but those defendants who are liable for this unconstitutional behavior.

## C. PLRA Screening

Because the Court has reopened this action and permitted Plaintiff to proceed without prepayment of the filing fee, the case must be screened under 28 U.S.C. § 1915A. *Ciarpaglini*, 352 F.3d at 331. Pursuant to the requirements of section 1915A and as explained further below, the following defendants will be dismissed for failure to state a claim for which relief may be granted:

- MDOC Dir. Heidi Washington, Dep. Warden Yon. Despite numerous allegations of a "pattern and practice" by the MDOC, Plaintiff's allegations against both these defendants are conclusory. Plaintiff provides no plausible factual allegations of Washington's or Yon's actual conduct or connection to any constitutional violations, and thus fails to state a claim upon

which relief may be granted. Where there is an allegation of supervisory or *respondeat superior* liability it must be shown that the supervisory officials "actively participated in or authorized" the illegal activity. *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988); *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

- CO Huotari, CO Nelson, CO Kieber: These defendants heard Plaintiff's suicide threat and took action on his threat. No unconstitutional behavior or constitutional violation is alleged. *Dominguez*, 555 F.3d at 549; *Greene*, 310 F.3d at 899.

- CO Skytta: Repeatedly told Plaintiff to kill himself. "Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)).

- Captain Dums: The complaint contains no factual allegations against this defendant.

## D. Motions to supplement and supplemental complaints

As listed above, Plaintiff's supplemental claims raise new issues and name new defendants, as envisioned by Federal Rule of Civil Procedure 15, which governs both amended and supplemental complaints. Under Rule 15(d), a court may permit a party to file a supplemental pleading, "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." A motion to supplement, as opposed to one to amend, seeks to add allegations pertaining to events arising after the original complaint was filed. *Murphy v. Grenier*, No. 07–15248–DT, 2009 WL 1044832, at *19 (E.D. Mich. Apr. 20, 2009), *aff'd*, 406 F. App'x 972 (6th Cir. 2011). As such, Rule 15(d) contemplates that the supplemental factual allegations may give rise to new legal theories against new defendants. *See Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 227 (1964).

While supplemental claims need not arise out of the transaction or occurrence that gave rise to the original complaint, *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir.1988), there must be some connection between the claims as filed and the supplemental ones: "A supplemental pleading cannot be used to introduce a separate, distinct and new cause of action." *Mullen v. Surtshin*, 590 F.Supp.2d 1233, 1238 (N.D.Cal.2008). Instead,

"[t]here must be some relationship or linkage between the claims asserted in the original complaint and the supplemental claims*." Imelmann v. Michigan Dep't of Corr*., No. 12–10671, 2012 WL 2917514, at *1 (E.D. Mich. July 17, 2012).

A court may therefore "deny a motion to supplement when the supplemental pleading could be the subject of a separate action." *Mullen*, 590 F. Supp. 2d at 1238. Granting or denying a motion to supplement is left to a district court's "broad discretion." *Diaz v. City of Inkster*, No. 05–70423, 2006 WL 2192929, at *13 (E.D. Mich. Aug.2, 2006). While supplementation should be "freely granted," reasons to deny include the futility of supplemental claims because they fail to state a claim upon which relief may be granted. *See*, *e.g.*, *Bromley v. Michigan Educ. Ass'n–NEA*, 178 F.R.D. 148, 153–54 (E.D. Mich.1998).

Here, some of Plaintiff's supplemental claims are related to the original complaint and some are not. The related claims are Plaintiff's more specific allegations of a continuing failure to treat his health issues following the sexual assaults and the alleged cover-up of the assaults. The Court will grant Plaintiff's motion for leave to supplement on those issues. (ECF Nos. 14, 15.)

Unrelated claims include Plaintiff's allegations of inadequate ventilation in unnamed MDOC facilities and an assault by a cellmate at Cotton Correctional Facility. Accordingly, the Court denies Plaintiff's motions to supplement as to those claims. (ECF Nos. 15, 19.)

Finally, the Court will deny Plaintiff's supplemental motion's addition as defendants Daniel E. Manville and Michigan State University. A court may deny supplementation when it would be futile. *Bromley*, (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Robinson v. Michigan Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir.1990)). Michigan State University is immune from suit pursuant to the Eleventh Amendment. *Underfer v. Univ. of Toledo*, 36 F. App'x 831, 834 (6th Cir. 2002) (citing *Hall v. Medical College of Ohio at Toledo*, 742 F.2d 299, 304 (6th Cir.1984)) ("[P]ublic-funded universities are not considered 'persons' under § 1983 and are immune from actions under this section."). And neither privately-retained nor court-appointed attorneys are state actors for the purposes of section 1983 litigation. *See Washington v. Brewer*, 948 F.2d 1291 (6th Cir. 1991) (Table) (citing *Polk County v. Dodson*, 454 U.S. 312, 321 (1981)).

### D. Misjoined claims and defendants

Plaintiff's original complaint and supplemental pleadings involve claims arising out of separate incidents and locations and involve different

defendants and unrelated issues. The Court must address those claims and defendants which have been improperly joined in this action.

Federal Rules of Civil Procedure 18 and 20 govern joinder of claims and joinder of parties in a single lawsuit, respectively. Rule 21 governs the misjoinder of parties. On a party's motion or *sua sponte*, a court may at any time, on just terms, add or drop a party or sever any claim against a party. *Proctor v. Applegate*, 661 F. Supp. 2d 743, 781 (E.D. Mich. 2009) (citing Fed. R. Civ. P. 21; *Nali v. Michigan Dep't of Corrections*, 2007 WL 4465247, *3 (E.D. Mich. Dec. 18, 2007)). Under Rule 18(a), "a plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." *Proctor*, 661 F. Supp. 2d at 778. Factors used to determine whether civil rights claims arise out of the same transaction or occurrence include "the time period during which the alleged acts occurred; whether the acts . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Id.* (quoting *Nali*, 2007 WL 4465247, *3). In addition to the purposes of the federal rules governing joinder and misjoinder, permitting unrelated claims to be brought by a prisoner in a

single suit circumvents the PLRA's filing fee requirements and enforcement mechanisms. *See*, *e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (rejecting a "buckshot complaint . . . by a free person" as well as a prisoner litigant); *Brown v. Blaine*, 185 F. App'x 166, 168-69 (3rd Cir. 2006).

Misjoinder is not grounds for dismissing an action. Fed. R. Civ. Pro. 21. Rather, the Court has two remedial options under the Rule: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately. *See DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006); *Carney v. Treadeau*, No. 07-cv-83, 2008 WL 485204, at *2 (W.D. Mich. Feb. 19, 2008); *Coal. to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008). "Parties may be dropped . . . by order of the court . . . of its own initiative at any stage of the action and on such terms as are just." *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988). One factor in determining what is "just" is avoiding potentially adverse statute-of-limitations consequences. *DirecTV*, 467 F.3d at 845.

Here, all the events complained of by Plaintiff appear to begin no more than eighteen months ago. (*See* Complaint at 8-10, ECF No. 1, PageID 8-10.) For civil rights suits filed in Michigan under 42 U.S.C. §

1983, the statute of limitations is three years. *See* Mich. Comp. Laws §
600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per
curiam). Plaintiff is not at risk of losing the opportunity to litigate any claims
dismissed from this lawsuit.

Accordingly, the Court finds the following claims and defendants are
not related to the same transactions or occurrences, nor presenting
common questions of facts or law, as those of the remainder of the
Complaint and supplemental pleadings, that is, the sexual assaults and
claims connected thereto. Accordingly, these defendants and claims will be
dismissed:

- Defendants Doss, Kiser, and Elum, and claims arising out of
  retaliatory transfers from Cotton Correctional Facility (JCF).
  (ECF No. 1.)
- Allegations of assaults at JCF and of a JCF corrections officer
  encouraging assaults by fellow prisoners. (Emergency M. at 3,
  5, ECF. No. 19, PageID 381, 383.)
- Inadequate clean air and ventilation. (M. for Lv. to Supp. at 3-5,
  PageID 297-299.)

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion to Reopen Case (ECF No. 16), **GRANTS** Plaintiff's application for leave to proceed without prepayment of the filing fee (ECF No. 2), permitting Plaintiff to proceed *in forma pauperis* under the imminent danger exception of 28 U.S.C. § 1915(g).

The Court **GRANTS IN PART** Plaintiff's Motion to Supplement (ECF No. 15) but **DENIES** the Motion as to Defendants Daniel Manville and Michigan State University.

The Court **DENIES** Plaintiff's Emergency Motion (ECF No. 19).

The Court **DISMISSES WITHOUT PREJUDICE** the following claims and defendants:

1. Any claims regarding inadequate ventilation,

2. Any defendants associated with G. Robert Cotton Correctional Facility (JCF),

3. Any claims and defendants, including, but not limited to defendants Doss, Kiser and Elum, involving retaliatory transfer from JCF, and

4. Any claims involving assaults while in JCF.

The Court **DISMISSES WITH PREJUDICE** the following defendants: Heidi Washington, Dep. Warden Yon, CO Huotari, CO Nelson, CO Kieber, CO Skytta, and Capt. Dums.

The Court **DENIES as MOOT** Plaintiff's Motion to Extend Time to Pay filing fee (ECF No. 17).

Finally, Plaintiff is **ORDERED** to file an Amended Complaint within 30 days of this order regarding his claims that he is not being treated for a serious medical need. The amended complaint must comply with the notice pleading requirements of Fed. R. Civ. Pro. 8(a)(2), *Twombly* and *Iqbal*, and must set forth not only the facts supporting deliberate indifference and a failure to treat his medical condition, but those defendants who are liable for this unconstitutional behavior.

**SO ORDERED**.

Dated:     July 22, 2019

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 22, 2019, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager