# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LANCE ADAM GOLDMAN, No. 542675,

    Plaintiff,

v.

    Case No. 2:19-cv-10390
    Hon. Gershwin A. Drain
    Hon. Stephanie Dawkins Davis

HATATU ELUM, et. al.,

    Defendants.

_____/

## OPINION AND ORDER VACATING PLAINTIFF'S *IN FORMA PAUPERIS* STATUS AND DISMISSING CASE WITHOUT PREJUDICE

Plaintiff Lance Adam Goldman, a state prisoner, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 on February 7, 2019. The Court originally denied Plaintiff *in forma pauperis* status and dismissed his complaint, because more than three of his previous federal lawsuits were dismissed for frivolousness or failure to state a claim upon which relief may be granted. [ECF No. 11.] Following Plaintiff's motion to reopen his case and supplemental briefing, the Court granted Plaintiff *in forma pauperis* status based on his allegation of conditions that could establish imminent danger of serious physical injury. [ECF No. 21.] The Court also ordered Plaintiff to file an amended complaint to correct his failure to adequately plead the imminent danger claims. [*Id.*] Plaintiff filed his Amended Complaint on October 7, 2019. [ECF No. 26.]

Now having reviewed the amended complaint and Plaintiff's other pleadings, the Court has determined that Plaintiff does not meet the imminent danger exception of 28 U.S.C. § 1915(g) and that the grant of pauper status was erroneous. For the reasons stated below, Plaintiff's *in forma pauperis* status is revoked and the case dismissed without prejudice.

## I. BACKGROUND

Plaintiff filed this action on February 7, 2019, while housed at Chippewa Correctional Facility in Kincheloe, Michigan. He alleged sexual assaults by two Michigan Department of Corrections officers, as well as retaliatory transfers, false misconduct charges, and a pattern and practice by the MDOC of placing him with violent prisoners to ensure he would be assaulted and killed. [ECF No. 1.] The Court dismissed Plaintiff's Complaint without prejudice on April 5, 2019, for failure to pre-pay civil case filing fees. [ECF No. 11.]

Plaintiff filed several motions to re-open and supplement his case. [*See* ECF Nos. 14-18.] He provided more detailed allegations of a cover-up of the sexual assaults and his symptoms of a sexually transmitted disease (as well as new claims unrelated to the assaults). [Mot. Lv. to Supp. at 2, 6, ECF No. 15, Page.ID 296, 300.]

On July 22, 2019, the Court granted Plaintiff *in forma pauperis* status based on a showing of imminent danger of serious physical injury but ordered Plaintiff to file an amended complaint. [ECF No. 21.] Specifically, the order observed that

"Plaintiff has failed to allege, either in his Complaint or in any subsequent pleadings, who is liable for the failure to diagnose and treat his symptoms that have resulted from the sexual assaults." [*Id.* at 12, Page.ID 399.] In his original complaint, Plaintiff alleged the following correctional facilities did not provide him adequate medical or mental health treatment "as a result of the rapes": "OCF" (Ojibway Correctional Facility, Marenisco, Michigan), "AMF" (Baraga CF, Baraga, Michigan), "LMF" (Alger CF, Munising, Michigan), "URF" (Chippewa CF, Kincheloe, Michigan).[1] [Complt. at 53, ECF No. 1, PageID 53.] Plaintiff also alleged that the "MDOC" failed to treat or evaluate him for HPV (human papillomavirus). [Mot. for Lv. to Supp. at 6, ECF No. 15, PageID 300.]

> The Court directed Plaintiff
>
> to file an Amended Complaint within 30 days of this order regarding his claims that he is not being treated for a serious medical need. The amended complaint must comply with the notice pleading requirements of Fed. R. Civ. Pro. 8(a)(2), [*Bell Atlantic Corp. v.*] *Twombly*[, 550 U.S. 544 (2007)] and [*Ashcroft v.*] *Iqbal*[, 556 U.S. 662, 681 (2009)], and must set forth not only the facts supporting deliberate indifference and a failure to treat his medical condition, but those defendants who are liable for this unconstitutional behavior.

[Id. at 21, Page.ID 408.] The order provided Plaintiff the standards for imminent danger and the requirements for notice pleading as to his allegations of imminent

---

[1] Correctional Facility codes and links to their locations may be found at the Michigan Department of Corrections Prison Directory website, available at https://www.michigan.gov/corrections/0,4551,7-119-68854_1381_1385---00.html.

danger. [*Id*. at 4, 6-8, 11-12, Page.ID 391, 393-95, 398-99.] The order also dismissed numerous defendants and claims not related to the sexual assaults for failure to state a claim upon which relief could be granted, misjoinder, and immunity.

Plaintiff filed his Amended Complaint on October 7, 2019. [ECF No. 26.] In it, Plaintiff named six healthcare providers as defendants: two nurses with unknown names; nurses Trudy Duquette and Sunbird (no first name provided); and two mental health care providers, also with unknown names. [Am. Complt. at 3 (Defendants 6 – 11), ECF No. 26, Page.ID 422.] All six defendants are at the Baraga Correctional Facility. [*Id*.]

Plaintiff alleged that Unknown Nurse #1 looked at his wrists; Unknown Nurse #2 checked him for rectal bleeding; the four defendant nurses knew he was "'raped, and 'still bleeding,'" but failed to investigate or treat him. [Am. Complt. at 15 ¶¶ 42-45, 17 ¶¶ 57-58, 26 ¶ 104, 27 ¶105, Page.ID 434, 436, 445-46.] The allegations against the nurses provided no details about what treatment Plaintiff sought, when and how he requested it, or who denied it. [*Id*. at 26 ¶ 104, Page.ID 445.] Plaintiff's allegations against the mental health care workers state only that they failed to call him out to speak to them after he requested mental health care. [*Id*.]

In his amended complaint, Plaintiff made no allegations about being denied medical care at any MDOC facility other than Baraga and named no other healthcare-related defendants.

4

## II.     LEGAL STANDARDS

### A. Filing fee and *in forma pauperis* requirements

The Prison Litigation Reform Act of 1996 ("PLRA"), Pub. L. No. 104 134, 110 Stat. 1321 (1996), requires prisoners to prepay filing fees. 28 U.S.C. § 1915(b)(1). Indigent prisoners may make a partial initial payment and then pay the remainder in installments. *Miller v. Campbell*, 108 F.Supp.2d 960, 962 (W.D. Tenn. 2000); *see also* 28 U.S.C. § 1915(b). However, a prisoner who has filed three or more previous lawsuits which were dismissed as frivolous or malicious or failing to state a claim for which relief may be granted does not qualify for pauper status. 28 U.S.C. § 1915(g); *Coleman v. Tollefson*, 733 F.3d 175, 176 (6th Cir. 2013), *as amended on denial of reh'g and reh'g en banc* (Jan. 17, 2014), *aff'd*, 135 S. Ct. 1759 (2015). A plaintiff to whom the "three strikes" provision applies must pay the filing fee in full "before his action may proceed." *Butler v. United States*, 53 F. App'x 748, 749 (6th Cir. 2002). If the fee is not paid, the court must dismiss the case, although such a dismissal is without prejudice, permitting a plaintiff "to pursue his action upon payment of the full filing fee." *Shabazz v. Campbell*, 12 F. App'x 329, 330 (6th Cir. 2001).

### B. Imminent danger exception

A prisoner who would otherwise qualify for a "three-strikes" dismissal may proceed *in forma pauperis* on a new complaint, if he is "under imminent danger of

serious physical injury." 28 U.S.C. § 1915(g). That requires a plaintiff to allege threats or conditions that are "real and proximate" and that present a danger of serious physical injury in existence at the time of the complaint's filing. *Vandiver v. PHS, Inc.*, 727 F.3d 580, 585 (6th. Cir. 2013) (citing *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008)).

Allegations that a plaintiff is not receiving treatment for a serious, "potentially life-threatening illness" may establish "a presently existing, continuing imminent danger[.]" *Vandiver v. Vasbinder*, 416 F. App'x 560, 562-63 (6th Cir. 2011). But "[a] prisoner-plaintiff with three strikes falls outside the exception when he *was* in imminent danger but is no longer at the initiation of proceedings in federal court." *Id*. at 562 (emphasis in original). In other words, "a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Rittner*, 290 F. App'x at 797–98 (citation omitted).

"'[T]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading.'" *Vandiver v. PHS, Inc.*, 727 F.3d at 585 (citing *Vandiver v. Vasbinder*, 416 F. App'x at 562). While a plaintiff "need not affirmatively prove those allegations at this stage of litigation[,]" he must show "that his complaint alleged facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." *Id*. (quoting *Tucker v.*

*Pentrich*, 483 F. App'x 28, 30 (6th Cir. 2012); *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)). The allegations cannot be "conclusory or ridiculous, or . . . clearly baseless[.]" *Id.* (quoting *Rittner*, 290 F. App'x at 798). Courts have cautioned that "[f]requent filers sometimes allege that they are in imminent danger so they can avoid paying a filing fee." *Vandiver v. Vasbinder*, 416 F. App'x at 562 (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)).

### C. Pleading requirements

The Court must liberally construe *pro se* civil rights complaints, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and must accept a plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). However, this does not relieve a *pro se* plaintiff of the duty to satisfy basic pleading essentials. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Minimum pleading requirements are needed, even for pro se plaintiffs"). If a complaint proffers nothing more than "conclusory, unsupported allegations" of wrongdoing by defendants, then dismissal is appropriate. *Pack v. Martin*, 174 F. App'x 256, 258 (6th Cir. 2006).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). "[D]etailed factual allegations" are not necessary, but under Rule 8(a) the pleading must "'give

7

the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Interpreting Rule 8, the Supreme Court explains that a complaint must contain factual allegations, not legal conclusions, *id.*, and must "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 570).

To state a civil rights claim under 42 U.S.C. § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (citation omitted). A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The plaintiff must establish the liability of each individual defendant by that person's own conduct. *Iqbal*, 556 U.S. at 676.

### III. DISCUSSION

Plaintiff's amended complaint does not establish imminent danger. The Court expressly directed Plaintiff to "set[] forth . . . facts supporting deliberate indifference and a failure to treat his medical condition . . . [and] those defendants who are liable . . ." [Order at 12, 21, ECF No. 21, PageID 399, 408.] The amendment was necessary because Plaintiff's original allegations of imminent danger under a failure-to-treat theory named only the Michigan Department of Corrections and its facilities as responsible for that failure.² As a result, Plaintiff pleadings did not adequately allege the liability of individual defendants responsible for the imminent danger conditions. *Iqbal*, 556 U.S. at 676.

Plaintiff's amended complaint identifies six defendants (four nurses and two mental health providers) he alleges failed to treat his health concerns. But none of those defendants could have denied him care at the time he filed his original complaint, and thus he was not in imminent danger. The health care defendants Plaintiff lists in the amended complaint are all associated with Baraga Correctional Facility (AMF). [*See* Am. Complt. at 3 (Def'ts 6 – 11), ECF No. 16, PageID 422; *see also id.* at 26 ¶ 104 ("which is their practice at AMF").] In addition, the only date

---

² In addition to Plaintiff's failure to plead the existence of imminent danger in the necessary timeframe, the institutional defendants he originally named, the MDOC and its facilities, are not "persons" under 42 U.S.C. § 1983 and enjoy sovereign immunity. *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *see also Hix v. Tenn. Dep't of Corrections*, 196 F. App'x 350, 355–56 (6th Cir. 2006).

Plaintiff cites on which he requested health care is August 8, 2018. [*Id.* at 26 ¶ 104, Page.ID 445.]

But Plaintiff's complaint was filed on February 7, 2019, while he was housed at Chippewa Correctional Facility, not Baraga. [Complt. at 1, ECF No. 1, Page.ID 1.] Based on Plaintiff's own change of address notices filed in this Court in another lawsuit, Case No. 17-14093,[3] Plaintiff was housed at Baraga by August 8, 2018, but moved to another facility no later than November 6, 2018. [*See* Case No. 17-14093, ECF No. 33 (reflecting Plaintiff's address change to Baraga CF), ECF No. 52 (Plaintiff's move from Baraga to Alger CF).]

The Court instructed Plaintiff to name the defendants responsible for the failure to treat his medical needs, and provided the pleading standards and the criteria to find "imminent danger." [ECF No. 21.] Plaintiff's amended complaint alleges only that he did not receive medical care at Baraga, where he resided months before he commenced this lawsuit. He has named defendants only at that facility. Plaintiff has not alleged that he sought and was denied treatment at Chippewa Correctional Facility nor at any facility at which he has resided since filing this case. Plaintiff has

---

[3] A court may take judicial notice of its own docket, *ZMC Pharmacy, LLC v. State Farm Mut. Auto. Ins. Co.*, 307 F. Supp. 3d 661, 665 (E.D. Mich. 2018), but "may not credit disputable facts therein as evidence." *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 468 (6th Cir. 2014). Facts provided by the Plaintiff himself are not reasonably disputable.

thus alleged no facts from which the Court may infer that he was under an existing danger at the time he filed his complaint. Accordingly, Plaintiff is not entitled to *in forma pauperis* status under the "three strikes" exception in 28 U.S.C. § 1915(g).

### IV.  CONCLUSION

For the reasons stated above, the Court **VACATES** its grant of Plaintiff's application for leave to proceed without prepayment of the filing fee and **REVOKES** its permission for Plaintiff to proceed *in forma pauperis* under the imminent danger exception of 28 U.S.C. § 1915(g).

The Court **DENIES AS MOOT** Plaintiff's Motions to extend time to file amended complaint [ECF No. 25] and to withdraw the motion to extend [ECF No. 27].

The Court **DISMISSES** the case pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to Plaintiff filing a new complaint with payment of the filing fee.

It is **ORDERED** that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). For the same reason, leave to appeal in forma pauperis is **DENIED**.

**IT IS SO ORDERED**.

                                                s/Gershwin A. Drain  
                                               Gershwin A. Drain  
                                               United States District Judge

Dated: December 13, 2019

## CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record
on
December 12, 2019, by electronic and/or ordinary mail.

                            /s/ Teresa McGovern  
                                Case Manager